Evan L. Frank, Esq. (#311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Mr. Sandless Franchise LLC, | : | Civil Action |
| | : | Docket number: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Barry Pinnock, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

**Summary**

1. This is a trademark infringement and breach of contract case. Defendant operated a franchise of Plaintiff for 10 years until October 2023, when Defendant chose not to renew for an additional term. However, Defendant continues to use language on his website that is confusingly similar to Plaintiff's registered trademarks, including the term "Sandless", in violation of Plaintiff's trademark rights. Since Defendant is a former franchise of Plaintiff, there is an increased likelihood of confusion when Defendant continues to use similar marks after the parties' relationship has ended. *E.g.*, *Burger King Corp. v. Mason*, 710 F.2d 1480, 1492-93 (11th Cir. 1983). Defendant continues to use the same telephone number affiliated with the former Mr. Sandless franchise, increasing the likelihood of customer confusion and also violating the plain language of section 23.1.4 of the parties' Franchise Agreement (Ex.

A). Defendant continues to operate a competing business, in violation of section 18.2 of the parties' Franchise Agreement.

## Parties

2. Plaintiff Mr. Sandless Franchise LLC is a Pennsylvania limited liability company.
3. Barry Pinnock is an adult individual residing in Minnesota.

## Jurisdiction and Venue

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Lanham Act. The Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 because they are so related that they form part of the same case or controversy.
5. Venue is proper because of a choice-of-venue provision at section 24.6 of the parties' agreement (Ex. A).

## Facts

6. Plaintiff is the exclusive licensee of U.S. service mark registration No. 5173423, *Mr. Sandless*® used in connection with services including wood floor finishing.
7. Plaintiff has developed and markets exclusively (through authorized franchisees) proprietary products and methods of reconditioning wood floors.
8. Plaintiff, as the exclusive franchise licensee of the trademark and owner of the methods franchised to Defendant, has been serving customers and members of the general consuming public under the mark since at least as early as April of 2004.
9. Defendant is a former licensed franchisee of Plaintiff.
10. Plaintiff and Defendant entered into a Franchise Agreement (Ex. A) with an effective date of October 18, 2013.

11. On August 14, 2023, Defendant notified Plaintiff in writing of his decision not to renew.

12. The effect of Defendant's notice was that the Franchise Agreement terminated on October 18, 2023.

13. Section 11 provided Defendant a non-exclusive license to use certain "Proprietary Marks".

14. Section 11.1 states that the license ceases upon the termination or expiration of the agreement.

15. Section 11.2 states in part: "… You will not, either during or after the term of this Agreement, do anything, or assist any other person to do anything, which would infringe upon, harm or contest our rights in any of the Proprietary Marks."

16. Section 18.2 prohibits Defendant from operating a competitive business for 2 years following the termination of the Franchise Agreement.

17. Section 23.1.4 requires Defendant to cease using the telephone number associated with the former Mr. Sandless franchise upon the termination of the Franchise Agreement.

18. Section 24.6 provides for venue in this District.

19. Defendant continues to use the term "Sandless" on his website.

20. Since Defendant is a former Mr. Sandless franchise, his continued use of the term "Sandless" carries an increased likelihood of confusion.

21. Defendant continues to use the telephone number associated with the former Mr. Sandless franchise.

22. Defendant's continued use of the same telephone number violates section 23.1.4 of the Franchise Agreement.

23. Defendant's continued use of a telephone number associated with the former franchise has increased the likelihood of confusion.

24. Defendant continued to operate a competitive flooring business following the termination of the Franchise Agreement.

25. Defendant's continued operation of a competitive flooring business violated section 18.2 of the Franchise Agreement.

**Count I**
**Federal Service Mark Infringement – 15 U.S.C. § 1114(1)(a) and (b)**

26. Plaintiff incorporates by reference the foregoing paragraphs.

27. Plaintiff is the licensee of the mark *Mr. Sandless*® and specifically asserts the exclusive right of use and right to license franchisees under the mark.

28. Plaintiff and Plaintiff's predecessors-in-interest first used the mark in connection with floor refinishing services at least as early as April of 2004 and has continued and expanded use up to the present.

29. Since long before the acts complained of herein, members of the general consumer population have recognized the mark as an exclusive source identifier for floor refinishing services originating from Plaintiff and/or Plaintiff's affiliates and successors.

30. Defendant's use of a confusingly similar mark is causing and will continue to cause a likelihood of confusion, mistake, and deception with respect to the source and origin of the services offered by Defendant, the association of Defendant with Plaintiff, and Plaintiff's sponsorship, approval, or control of the services offered by Defendant.

31. On information and belief, Defendant's acts complained of herein have been willful.

32. Unless enjoined by this Court, Defendant's conduct will continue to cause a likelihood of consumer confusion, mistake, and deception.

33. Plaintiff is entitled to damages as a result of Defendant's actions.  However, because damages alone will not provide Plaintiff with adequate relief, Plaintiff is also entitled to injunctive relief.

**Count II**
**Unfair Competition by False Designation of Origin by Trade Name and Service Mark Infringement – 15 U.S.C. § 1225(a)**

34. Plaintiff incorporates by reference the foregoing paragraphs.

35. Defendant is using a confusingly similar mark in connection with floor refinishing services.

36. Defendant is offering floor refinishing services under a confusingly similar mark and using Plaintiff's goodwill to advertise as if he were an authorized Mr. Sandless dealer.

37. Defendant has used the confusingly similar mark in commerce with the deliberate intent of capitalizing and trading on the goodwill and reputation of Plaintiff.

38. Defendant's conduct has caused and will continue to cause the relevant public to believe erroneously that Defendant's services are associated, authorized, or controlled by Plaintiff.

39. Defendant's conduct constitutes a false designation of the origin and/or sponsorship of such services.

40. On information and belief, Defendant's acts complained of herein have been willful.

41. Defendant's conduct has caused and will continue to cause monetary damage to Plaintiff.

42. Defendant's conduct has caused and will continue to cause irreparable harm and injury to Plaintiff's goodwill and business reputation unless enjoined by this Court.

43. Plaintiff is entitled to damages as a result of Defendant's actions.  However, because damages alone will not provide Plaintiff with adequate relief, Plaintiff is also entitled to injunctive relief.

**Count III**
**Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1)**

44. Plaintiff incorporates by reference the foregoing paragraphs.

45. Plaintiff's trade name and service marks have become famous due to long, extensive, continuous, and exclusive use by Plaintiff in connection with wood refinishing services.

46. On information and belief, Defendant's unauthorized use has lessened the capacity of Plaintiff's famous trade name and service mark to identify and distinguish the services of Plaintiff.

47. Defendant's acts have tarnished the reputation and recognition of Plaintiff's mark.

48. Plaintiff has no adequate remedy at law and is being irreparably damages by dilution of its mark.

## Count IV
## Injury to Business Reputation and Dilution – 54 Pa. C.S. § 1125

49. Plaintiff incorporates by reference the foregoing paragraphs.

50. Plaintiff is the owner of a mark that is distinctive and famous in Pennsylvania (and many other states).

51. Defendant's unauthorized use has diluted the quality of Plaintiff's mark.

52. On information and belief, Defendant's actions were taken with full knowledge that such actions would dilute the mark.

53. Defendant have caused and, unless enjoined, will continue to cause irreparable harm, including injury to Plaintiff's goodwill and reputation.

## Count V
## Common Law Unfair Competition, Palming Off, Trade Name and Trademark Infringement

54. Plaintiff incorporates by reference the foregoing paragraphs.

6

55. Defendant's actions constitute palming off its services as Plaintiff's services under Plaintiff's famous mark.

56. Defendant's actions constitute unfair competition.

57. Defendant's actions constitute trademark infringement.

58. Defendant has caused and, unless enjoined, will continue to cause irreparable harm, including injury to Plaintiff's goodwill and reputation.

## Count VI
## Breach of Contract – Covenant not to Compete

59. Plaintiff incorporates by reference the foregoing paragraphs.

60. Defendant has competed with Plaintiff following the termination of the Franchise Agreement, in violation of the plain text of the agreement at section 18.2 of the Franchise Agreement.

61. Plaintiff is entitled to damages as a result of Defendant's breach. However, because damages alone will not be an adequate remedy, Plaintiff is also entitled to injunctive relief.

## Count VII
## Breach of Contract – section 23.1.4

62. Plaintiff incorporates by reference the foregoing paragraphs.

63. Defendant has continued to use the telephone number associated with the former Mr. Sandless Franchise, in violation of section 23.1.4 of the parties' Franchise Agreement.

64. Defendant's continued use of the telephone number associated with a former Mr. Sandless franchise has increased the likelihood of confusion.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant for damages in excess of $75,000, plus punitive damages, costs of suit, interest, and attorney's fees, and injunctive relief directing that Defendant his officers, directors, partners, agents, servants,

employees, attorneys, and anyone acting on their behalf be enjoined during the pendency of this action and permanently thereafter from:

   A. Using the mark *Mr. Sandless*® or any similar derivation of the mark, or using any designation, trade name, trade dress, trademark, or service mark that is confusingly similar to the mark.

   B. Owning, maintaining, engaging in, being employed by, or having an interest in any other business offering sandless wood floor refinishing.

   C. For a period of 2 years following this Court's order, owning, maintaining, engaging in, being employed by, or having any interest in any other business which provides sandless wood floor refinishing, wood floor cleaning, or floor maintenance, or any other services or products similar to those offered by Plaintiff.

   D. Soliciting business from customers of Defendant's former floor businesses, contacting any supplier of Mr. Sandless for any competitive business purpose, or soliciting any employee of Mr. Sandless, its affiliates, or its franchisees.

And that Defendants be ordered to:

   A. Account for all profits made by Defendant as a result of Defendant's infringement.

   B. Discontinue their advertising for services including their use of the *Mr. Sandless*® mark or anything confusingly similar.

   C. Comply with all covenants provided by the Franchise Agreement, including the requirement at section 23.1.4 to cease use of the telephone number associated with the former Mr. Sandless franchise upon the termination of the Franchise Agreement.

                                                  Respectfully submitted,

                                                  */s/ Evan L. Frank*
                                                  Evan L. Frank, Esq. (311994)
                                                  Alan L. Frank Law Associates, P.C.
                                                  135 Old York Road
                                                  Jenkintown, PA 19046
                                                  215-935-1000
                                                  215-935-1110 (fax)
                                                  efrank@alflaw.net
                                                  Counsel for Plaintiff

March 7, 2025